BENJ. GREEN & PHILLIP WEST, plaintiffs in error, *vs.* B. F. COCK & JNO. THOMPSON, *adm'rs*, defendants in error.

(McCay,.J., having been of counsel in it, did not preside in this case.)

This Court will not control the discretion of the Court below in refusing to grant a new trial in a case where no rule of law has been violated, and when it appeared from the evidence in the record, that substantial justice has been done between the parties.

Claim. Practice. Evidence. Tried before Judge JAS. M. CLARK. Lee Superior Court. March Term, 1869.

Cock and Thompson, as administrators of Robert Thompson deceased, had a mortgage *fi. fa.*, in their favor, against A. H. Phillips, levied upon lot, No. 293, 14th District, Lee county, and Green and West claimed it.

The plaintiffs read in evidence the mortgage *fi. fa.*, founded on a mortgage dated the 12th of April, 1856, covering said lot and many others; a grant of said lot from the State to Jethro Summers, dated the 22d of October, 1835; a deed from Summers to Mary Hambleton, and a deed from her to the defendant, Phillips, dated the 19th of January, 1846, and closed.

Claimants then showed by parol, that in 1852 or 1853, defendant by deed of gift conveyed the land to his son-in-law, Williams, that he held it for a year or so, and sold and conveyed it to Roberts, who made a crop there, and ran away in 1856, leaving one Drawhorn, as his tenant, on the lot. The witness said that he and Hodges witnessed this last deed, and that he never witnessed any other deed between the parties. The same facts as to these deeds were shown by Hodges. The following facts were shown by parol. The lot was levied on by a *fi. fa.*, in favor of Bancroft *vs.* Roberts, and was legally sold on the first Tuesday in May, 1856, and claimants bought it. The originals were lost, and the records were burnt.

At the sale, Mr. Warren gave notice that Roberts had not paid the purchase-money for said land; that Williams had traded Roberts' note for the purchase-money to Rouse for

another lot, and Rouse afterwards owed Phillips; that defendant in *fi. fa.* and Cock were present at the sale. The *fi. fa.* was issued in 1854 or 1855; the lot was not levied on and sold by number, but as the lot whereon Drawhorn resided, in said district. Cock and Thompson, at the same sale, bought all the other lands in said mortgage named. Warren had from Rouse said note for collection, and was instructed to sue in the name of Williams, to assert the vendor's lien. Phillips called on Warren for this note, and said he had bought it from Rouse and wished to take it. Warren would not deliver it, because Phillips would not pay his fee. This note was read in evidence. It was for $2,400, dated 22d December, 1854, due 1st of January, 1856. They read the deed from said sheriff to claimants, dated the 6th of May, 1856, and a deed from Cock and Thompson, as such administrators, conveying said other lots mentioned in the mortgage, and a bill in equity filed by Cock and Thompson, as such administrators, against one Hayslip and the sheriff, enjoining the sale of said mortgaged lots. It has no sanction, no process, no date.

In rebuttal, the plaintiff in *fi. fa.* read in evidence an order of said Court, at March Term, 1859, giving them control of a *fi. fa.*, in favor of Lindsay, guardian, against A. N. Phillips, and Cock and Thompson, securities, for $9,620 16, and the suit and judgment on which it was founded, and another mortgage by Phillips to claimants, dated the 14th of May, 1856, on other lots, as indemnity for their standing his security. They then handed to a witness, a deed from Roberts to A. H. Phillips, conveying said lot, on the first of February, 1856. The witness to the deed recognized his signature thereto, but recollected nothing of the delivery. Cock testified, that he got said deed from among certain papers which Phillips or his lawyers turned over to him when he took the mortgage of indemnity; that $5,347 was still due on said *fi. fa.*, of which they had taken the control. They read in evidence, over objection made, the deed to another lot, which was witnessed by the person who said he had never witnessed but one.

Green & West *vs.* Cock & Thompson, adm'rs.

Plaintiffs' attorney opened the argument, and had been replied to by claimants's attorney, and they got into a dispute as to whether the deed from Roberts to Phillips had been read in evidence, and the Court allowed them then to read it, though the claimants' attorney objected thereto.

The Court charged the jury: 1st. If you believe from the evidence that A. H. Phillips was the owner of this lot, after this debt was contracted, and gave it to his son-in-law, Williams, and Williams sold it to Roberts, and took his note for the purchase-money, which he never paid, and Phillips afterwards obtained possession of the note, by paying for, or agreeing to pay for, another lot for Williams, and then took a conveyance from Roberts for the lot back to himself, and West and Green afterwards bought it at sheriff's sale, as the property of Roberts, with notice that Roberts had no title, that he had paid no part of the purchase-money, then the land is subject to this *fi. fa.* 2d. If Phillips, being insolvent, gave the lot to Williams, it was in fraud of his creditors, and therefore void; but if he was only indebted, and not insolvent, and made the gift with no such intention, but only to make an advancement to Williams, the deed was not fraudulent, but Williams got a good title against Phillips' creditors and others. But if Roberts or claimants bought without knowledge of the fraud by Phillips, they are not affected thereby, and if claimants, without notice of the fraud, bought at sheriff's sale, under an execution older than the mortgage of plaintiffs' in *fi. fa.*, the title is good against them, unless the title is defeated by some other circumstance.

The jury found the property subject. Claimants' attorneys moved for a new trial, upon the grounds that the Court erred in admitting the deed from Phillips to Roberts to another lot, because of irrelevancy; in admitting the deed after argument had been had; because the first part of the charge is hypothetical, and because the verdict was contrary to law, etc.

The Judge refused a new trial, and this is brought up for review on said grounds.

Dooly vs. Isbell.

FRED. H. WEST (by the Reporter), for plaintiffs in error.

W. A. HAWKINS, R. LYON, for defendant.

WARNER, J.

The error assigned to the judgment of the Court below in this case is, in overruling the motion for a new trial. In carefully looking through the entire record in this case, we find no legal grounds of error which will authorize this Court to set aside the verdict found by the jury upon the facts therein contained. In our judgment, substantial justice has been done between the parties, and there was no error in the refusal of the Court below, to grant a new trial.

Let the judgment of the Court below be affirmed.